UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARIA ROMERO,

                Plaintiff,

v.

E-Z RECYCLING SERVICES, INC.,
NEW COLONY ENTERPRISE INC., TOMMI ZHAO and
JINLONG GAO,

                Defendants

Civil Action No. 17-cv-2947
(ARR) (RLM)

---

### CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Settlement Agreement") is made and entered into by and between, on the one hand, Maria Romero ("Plaintiff"), and on the other, E-Z Recycling Services, Inc., New Colony Enterprise Inc., and Jinlong Gao (collectively, "Defendants") (all parties collectively, "the Settling Parties") as of May 2nd, 2018.

### RECITALS

A.     WHEREAS, on or about May 15, 2017, Plaintiff filed an action ("the Action") against Defendants alleging, *inter alia*, that Defendants failed to pay her certain wages due in connection with services Plaintiff performed on their behalf. The foresaid Action is currently pending in the United States District Court, Eastern District of New York, Case No. 17-cv-2947;

B.     WHEREAS, the Court has made no determination with respect to the claims presented;

C.     WHEREAS, Defendants admits no wrongdoing with respect to Plaintiff's allegations;

D.     NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

1

# AGREEMENT

1.  **Consideration.** The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees that she will not seek any further consideration from Company or Jinlong Gao, including any monetary payment, beyond that which is set forth in Paragraph 2 of this Settlement Agreement.

2.  **Settlement Compensation.**

    (a) In full and final satisfaction of all issues between the Parties, Defendants shall pay to the Plaintiff the sum of Eighteen Thousand Five Hundred dollars ($18,500.00) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

    i.  $11,586.66 to "Maria Romero".

    ii. $6,913.33 to "Hang & Associates, PLLC" including $5,793.33 for attorneys' fees and $1,120.00 for filing fees, expenses and costs.

    (b) The payments shall be delivered to Hang & Associates, PLLC located at 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 in accordance with the following schedule:

    i.  Within ten (10) days of the Court's approval of this Agreement, the first payment ("First Payment") shall be delivered to Hang & Associates, PLLC located at 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 in accordance with the following:

        1. Check in the amount of $3,500 made payable to "Maria Romero"

        2. Check in the amount of $3,000 made payable to "Hang & Associates, PLLC"

    ii. Within thirty (30) days from the date of the First Payment, the second payment ("Second Payment") shall be delivered to Hang & Associates, PLLC located at 136-20 38th Avenue, Suite 10G, Flushing, New York 11354 in accordance with the following:

        1. Check in the amount of $3,000 made payable to "Maria Romero"

        2. Check in the amount of $3,000 made payable to "Hang & Associates, PLLC"

    iii. Within thirty (30) days from the date of the Second Payment, the third payment shall be delivered to Hang & Associates, PLLC located at 136-

20 38th Avenue, Suite 10G, Flushing, New York 11354 in accordance with the following:

1. Check in the amount of $5,086.66 made payable to "Maria Romero"

2. Check in the amount of $913.33 made payable to "Hang & Associates, PLLC"

(c)  Hang & Associates, PLLC shall be responsible for distributing the Settlement Sum to Plaintiff. If the settlement amounts are received before the court approves the settlement agreement, the settlement amount are to be held in Plaintiff's counsel's escrow account pending court approval.

(d)  The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

3.  **Dismissal of Pending Litigation.**

Subject to the court's approval of this Agreement, the Plaintiff agrees to dismiss or effect the dismissal of any claims with prejudice existing or pending in any jurisdiction relating to the claims filed by Plaintiff on May 15, 2017 in the within Action Case No. 17-cv-2947.

4.  **Release of Claims.**

(a)  In consideration of the mutual promises and mutual benefits accruing to the parties under this Agreement, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff hereby waives, releases, satisfies and discharges, on Plaintiff's own behalf and on behalf of anyone who could claim by and through Plaintiff (collectively, "Releasors"), defendants E-Z Recycling Services, Inc., New Colony Enterprise Inc. and Jinlong Gao ("Defendants"), Defendants' insurers, predecessors and successors in interest, assignees, parents, subsidiaries, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives (collectively, "Releasees"), of and from (1) any and all claims for damages, salaries, wages, compensation, overtime compensation, monetary relief, and any other benefits of any kind, earnings, back pay, liquidated and other damages, interest, attorneys' fees and costs, for any claim brought, or that could have been brought under the Fair Labor Standards Act ("FLSA"), and/or any local, state or federal wage statute, code or ordinance, including, but not limited to, claims under Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621 *et seq.* ("ADEA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); the Reconstruction Era Civil Rights

Act, as amended, 42 U.S.C. §§ 1981 *et seq.* ("Civil Rights Act"); the Civil Rights Act of 1991, as amended, 42 U.S.C. §§ 1981 *et seq.* ("CRA of 1991"); the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"); the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA"); The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"); the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"); the Equal Pay Act of 1963; the Older Workers' Benefit Protection Act of 1990; the Worker Adjustment and Retraining Notification Act of 1988; the New York State Human Rights Law; the New York State Civil Rights Law; the New York State Insurance Law; the New York Labor Law ("NYLL"); the New York City Human Rights Law; any of the statutes or common law causes of action of the State of New York or any other state; the New York Constitution; the United States Constitution and/or any and all other federal, state or local statutes, laws, rules and regulations pertaining to employment; as well as any and all claims under state contract or tort law, which were or could have been alleged by Plaintiff in the Pending Action, accruing through the date of this Agreement

(b)   The Plaintiff hereby irrevocably and forever waives all rights it may have arising under the law with respect to the Pending Litigation and the above Release.

### 5.   Confession of Judgment.

Simultaneously with the execution of this agreement, Defendants Hau Nguyen and Cui shall each deliver to Plaintiff's counsel an original copy of an executed affidavit for confession of judgment in the form attached hereto as **Exhibit A**.

The affidavits for confession of judgment must bear an original signature, as opposed to a copied or electronic signature. In the event Defendants are in default in the payment of any of the installments under paragraph 1 of this Agreement, Plaintiff shall provide Ten (10) calendar days' notice to Defendants counsel via electronic mail and via first class mail to the notice addresses provided for herein, of their intent to file the affidavits for confession of judgment with the Clerk of the Court of New York County, Queens County, and/or other appropriate county in the State of New York for judgment to be entered against Defendants declaring Twenty-Seven Thousand and Seven Hundred Fifty dollars ($27,750.00), less any settlement payment(s) made to date, immediately due and payable.

If Defendants do not cure the defect within Ten (10) days of the notice, they shall owe Twenty-Seven Thousand and Seven Hundred Fifty dollars ($27,750.00), less any settlement payment(s) made to date, and such amount shall be immediately due in its entirety, and Plaintiff may file the affidavits for confession of judgment. Plaintiff shall be entitled to their reasonable attorneys' fees and costs incurred in effecting the confession of judgment and collecting on a judgment. In the event of any litigation to enforce a breach of this Agreement for the failure to pay monies owed under the Agreement, Plaintiff shall be entitled to receive from the Defendants reasonable attorneys' fees and costs up through and including the appellate process.

### 6.   Jurisdiction and Venue.

This Settlement Agreement and the interpretation of its terms shall be governed by and construed in accordance with the laws of the State of New York. For purposes of enforcing this Agreement, the Parties irrevocably submit to the exclusive jurisdiction of the United States District Court for the Eastern District of New York.

7.  **No Modification Unless in Writing.**

No modification of this Agreement shall be valid unless in writing and agreed upon by both Parties or their Counsel.

8.  **Full Integration.**

This Settlement Agreement supersedes any prior agreements, understandings, or negotiations, whether oral or written, except to the extent that it is inconsistent with the agreements, understandings or negotiations had and concluded.

9.  **Signatures and Approval.**

This Agreement will come into effect only after it is executed by both parties or their authorized representatives and approved by the Court.

10. **Taxes.** Plaintiff understands and agrees that Defendants are not withholding federal or state income taxes, FICA, Social Security, Medicare, or any other withholding from the settlement payment and therefore agrees and promises to pay all taxes which may be due with respect to those portions of the Settlement Payment in the event a governmental taxing authority determines that any such taxes are due. Plaintiff claimant further agrees to indemnify and hold Defendants harmless from all liabilities for failing to withhold the foregoing tax items from the Settlement Payment.

11. **Entire Agreement.** This Settlement Agreement constitutes the complete understanding of the Settling Parties. No other promises or agreements shall be binding unless agreed to in writing and signed by the Settling Parties.

12. **Counterparts.** This Agreement may be executed in any number of counterparts and any Party hereto and/or their respective counsel may execute any such counterpart, each of which when executed and delivered shall be deemed to be an original and all of which counterparts taken together shall constitute one and the same instrument. Fax and/or PDF signatures shall be deemed valid for purposes of this Settlement Agreement.

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signatures below.

*Maria Romero*
MARIA ROMERO

## ACKNOWLEDGMENT

STATE OF NEW YORK    }
                     } ss:
COUNTY OF QUEENS     }

On the 2nd day of May in the year 2018 before me the undersigned, a Notary Public in and for the State of New York, personally appeared MARIA ROMERO personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

LORENA P. DUARTE
NOTARY PUBLIC-STATE OF NEW YORK
No. 02DU6368787
Qualified In Nassau County
My Commission Expires 12-18-2021

6

E-Z RECYCLING SERVICES, INC.,
NEW COLONY ENTERPRISE INC.,

By: _____
JINLONG GAO
Title: Owner

## ACKNOWLEDGMENT

STATE OF NEW YORK   }
                    } ss:
COUNTY OF QUEENS    }

On the 26th day of May in the year 2018 before me the undersigned, a Notary Public in and for the State of New York, personally appeared JINLONG GAO personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

FEILI ZHENG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ZH6235782
Qualified in Queens County
My Commission Expires April 06, 2019

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Maria Romero, individually and on behalf of all
other employees similarly situated,

              Plaintiff,              CASE NO. 17-CV-2947

    v.

E-Z Recycling Services Inc., New Colony
Enterprise Inc., Tommi Zhao and Jinlong Gao,

              Defendants.
-----------------------------------------------------------x
STATE OF NEW YORK   )
                               ) ss:
COUNTY OF              )

Jinlong Gao, being duly sworn, deposes and says:

    1.    I, Jinlong Gao, am an Owner of New Colony Enterprise Inc. with an address at 102-17 44th Ave. Corona, NY 11368.

    2.    I have authority to sign on behalf of myself, and on behalf of New Colony Enterprise Inc. and am duly authorized to make this Affidavit of Confession of Judgment on my own behalf and on behalf of New Colony Enterprise Inc.

    3.    I, Jinlong Gao, hereby confess judgment and authorize entry of judgment against myself and New Colony Enterprise Inc. (collectively, "Defendants"), jointly and severally, in favor of Plaintiff for the sum of Twenty-Seven Thousand and Seven Hundred Fifty dollars ($27,750.00), less any settlement monies already paid, pursuant to the terms of the Settlement Agreement and General Release (the "Settlement Agreement"), entered into and signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable

attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

4. This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement.

5. The Settlement Agreement arises out of the above-captioned action and the Complaint filed with the United States District Court, Eastern District of New York 17-cv-2947, which was settled pursuant to a written agreement approved by the said Court, whereby the Defendants agreed to pay Plaintiff the total sum of $18,500.00.

6. I hereby represent my understanding that upon Defendants' breach of the Settlement, Plaintiff shall have the unqualified right to cause this Confession of Judgment to be docketed and entered in this Court as a judgment against Defendants, jointly and severally, against all property, of any kind, in which I and/or the corporations stated herein, collectively or individually, have any ownership interest.

7. The original of this Affidavit of Confession of Judgment shall remain in the possession of Plaintiff's counsel, Hang & Associates, PLLC, and the original shall be destroyed upon completion of the payment obligations contained in the annexed Agreement and Release.

_____
Jinlong Gao

Sworn to and subscribed before me this
26th day of April, 2018.

_____
NOTARY PUBLIC

FEILI ZHENG
NOTARY PUBLIC-STATE OF NEW YORK
No. 01ZH6235782
Qualified in Queens County
My Commission Expires April 06, 2019

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA ROMERO                                                              :    17-CV-2947
                                                                          :
                            Plaintiff,                                    :
                                                                          :
              -against-                                                   :
                                                                          :
E-Z RECYCLING SERVICES INC., NEW COLONY                                   :
ENTERPRISES INC., TOMMI ZHAO AND JINLONG                                  :
GAO                                                                       :
                                                                          :
                            Defendants.                                   :
------------------------------------------------------------------X

## REVISION OF SETTLEMENT AGREEMENT AND RELEASE PURSUANT TO SECTION 7 OF THE AGREEMENT

Pursuant to Section 7 of the Confidential Settlement Agreement and General Release ("Agreement") for the above case that was fully executed on May 2, 2018, Plaintiff Maria Romero ("Plaintiff"), by and through their attorney, Hang & Associates, PLLC, and Defendants E-Z Recycling Services Inc., New Colony Enterprises Inc., and Jinlong Gao (collectively, "Defendants"), by and through their attorney, Law Office of Ricardo Morel, hereby agree upon the following revisions to the Agreement.

1. The title of the Agreement, "Confidential Settlement Agreement and General Release" shall be fully replaced by "Settlement Agreement and Release." The parties agree that the Agreement shall not be confidential and any reference to such, if any, shall be removed from the Agreement.

2. Section 4 of the Agreement labeled "Release of Claims" shall be fully replaced with the following paragraph:

   "4.   **Release.** In consideration of the promises, payments and actions of the parties set out in this Agreement and other good and valuable consideration, the parties, with respect

solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters and discrimination matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, the Wage Theft Prevention Act, and the New York City Human Rights Law as alleged in the complaint. This release is limited solely and only to wage and hour claims and discrimination claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsels for each party and it does not release or discharge any claims that may occur after that date."

| | |
|---|---|
| HANG & ASSOCIATES, PLLC<br>/s/ _____<br>Phillip H. Kim, Esq.<br>136-18 39th Ave. #1003<br>Flushing, NY 11354<br>T: 718-353-8588<br>*Attorneys for Plaintiff*<br>May 7, 2018 | LAW OFFICES OF RICARDO MOREL<br>/s/ _____<br>Ricardo Morel, Esq.<br>39-15 Main Street<br>Flushing, NY 11354<br>T: 424-362-8960<br>*Attorneys for Defendants*<br>May 7, 2018 |